ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| PETRONILA MEDINA COTTO<br>Peticionario<br><br>v.<br><br>GREGORIO DIAZ VEGA Y OTROS<br>Recurrido | KLCE202301347 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Caso Número:<br>CG2023CV02466<br><br>Sobre:<br>Usucapión |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de diciembre de 2023.

Comparece Petronila Medina Cotto (Sra. Medina Cotto o peticionaria) y nos solicita la revocación de una *Orden* emitida por el Tribunal de Primera Instancia, Sala de Gurabo (TPI o foro primario). En esta, el foro primario denegó una solicitud de emplazamiento por edictos.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*. Veamos.

## I.

El 20 de junio de 2023, la Sra. Medina Cotto instó la demanda de epígrafe sobre usucapión en contra de Gregorio Díaz Vega, Sandra Geraldine Pérez Carrión y posibles personas con interés en la Parcela 511, Calle 11 de la Comunidad Rural Navarro del Barrio Navarro en Gurabo (demandados). Ello, por entender que es la legítima dueña del mencionado inmueble con cabida superficial de 441.09mc. Alegó haber poseído la referida finca, en la cual enclava una edificación dedicada a vivienda, durante más de veinte (20) años, de forma quieta, pública, pacífica e ininterrumpida en

Número Identificador:

RES2023_____

concepto de dueña. Reconoció que, según el Registro de la Propiedad, la finca aparece registrada a nombre de Gregorio Díaz Vega y su esposa, Sandra Geraldina Pérez Carrión. A pesar de ello, interesa que el bien inmueble sea inscrito a su nombre.

Al siguiente mes de incoar la demanda, la Sra. Medina Cotto solicitó al TPI que la autorice a emplazar a los demandados por edicto. Mediante *Orden* notificada el 22 de agosto de 2023, el foro primario denegó su petitorio. Como segundo intento para lograr jurisdicción sobre los demandados, la Sra. Medina Cotto instó otra moción a esos efectos el 5 de octubre de 2023. En esta ocasión, incluyó una declaración jurada del Sr. Juan Díaz Torres de la cual surgen las gestiones que realizó para localizar a los demandados[1].

---

[1] De la declaración jurada surge lo siguiente:

Yo, Juan G. Díaz Torres, mayor de edad, soltero, emplazador y vecino de Bayamón, Puerto Rico, bajo juramento declaro lo siguiente:

1. Mi nombre y demás circunstancias personales son las antes expresadas.
2. En el caso Civil Núm: CB2023[CV]02466 se expidió demanda y emplazamientos a nombre de los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión el día 5 de septiembre de 2023, y se me entregaron el 8 de septiembre de 2023.
3. El 29 de septiembre de 2023 me personé a la última dirección conocida de la parte demandada Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión la cual es[:] Bo. Navarro C/11 parcela #511 Gurabo PR 00778.
4. Ese mismo día entrevist[é] a la Sra. Carmen Rosa Díaz vecina hace m[á]s de 35 años de Bo. Navarro C/11 parcela #465 Gurabo PR 00778. Est[á] informando que no conoce a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión. Que solo reconoce y conoce como dueña de la propiedad a la parte demandante Petronila Medina Cotto. La cual lleva residiendo en la propiedad hace m[á]s de 20 años.
5. Ese mismo día entrevist[é] a la Sra. Juana Montañez Soto vecina hace m[á]s de 35 años de Bo. Navarro C/11 parcela #464 Gurabo PR 00778. Est[á] informando que no conoce a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión. Que solo reconoce y conoce como dueña de la propiedad a la parte demandante Petronila Medina Cotto. La cual lleva residiendo en la propiedad hace m[á]s de 20 años.
6. Ese mismo día entrevist[é] a la Sra. Mirta Rodríguez León vecina hace m[á]s de 35 años de Bo. Navarro C/11 parcela #510 Gurabo PR 00778. Est[á] informando que no conoce a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión. Que solo reconoce y conoce como dueña de la propiedad a la parte demandante Petronila Medina Cotto. La cual lleva residiendo en la propiedad hace m[á]s de 20 años.
7. Ese mismo día entrevist[é] [al] Sr. Ignacio García vecino hace m[á]s de 35 años de Bo. Navarro C/11 parcela #509 Gurabo PR 00778. Est[á] informando que no conoce a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión. Que solo reconoce y conoce como dueña de la propiedad a la parte demandante Petronila Medina Cotto. La cual lleva residiendo en la propiedad hace m[á]s de 20 años.
8. El 2 de octubre de 2023 me personé al Cuartel de la Policía municipal de Gurabo ubicado en la Calle Isodoro L[ó]pez #725 Gurabo PR 00778. Entrevistando al oficial Torres # [de] placa 0563 y este me informó que no conoce a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión.
9. Ese mismo día me personé a la Oficina de Ayuda al Ciudadano del Municipio de Gurabo. Ubicada en la casa alcaldía de Gurabo. Allí me

Evaluado lo anterior, nuevamente el TPI declaró no ha lugar la solicitud de emplazamiento por edicto mediante *Orden* notificada el 11 de octubre de 2023. Oportunamente, la peticionaria solicitó reconsideración la cual fue denegada mediante *Orden* notificada el 1 de noviembre de 2023.

Insatisfecha aún, la peticionaria recurre ante esta Curia y le imputa el siguiente error al foro primario:

> Erró el TPI al negar el emplazamiento por edictos de los recurridos Gregorio Díaz Vega, Sandra Geraldina Pérez Carrión y posibles interesados que puedan tener interés en esa propiedad reclamada objeto de usucapión a pesar de que la recurrente Petronila Medina Cotto de forma fehaciente vastas diligencias específicas, detalladas y potencialmente efectivas para diligenciar los emplazamientos personales de dichas partes.

**II.**

**A. *Certiorari***

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR

---

entrevisté con la Sra. Soto, supervisora de la oficina antes mencionada, quien me manifestó que no [tenía] información en sistema de ninguno de los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión. Lo cual indica que no reciben ayuda estatal o municipal.

10. Ese mismo día me personé a la[s] oficinas Postales ubicadas en la calle [Á]ngel C. Morales 106 en Gurabo. Entrevistando al supervisor M[é]ndez y [e]ste me informó que no puede brindar información alguna sin una orden federal.

11. Llevé a cabo una investigación [en] el sistema de búsqueda de personas http://www.truepeoplesearch.com y en Google, sin lograr conseguir información adicional para poder contactar a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión.

12. Llevé a cabo una investigación en las redes sociales Twitter, Facebook e Instagram, sin lograr conseguir información adicional para poder contactar a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión.

13. Llevé a cabo una investigación en el sistema KARIBE del Registro de la Propiedad y en el Catastro Digital del CRIM, sin lograr conseguir información adicional para poder contactar a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión.

14. Hago esta declaración jurada a los fines de certificar las gestiones infructuosas realizadas para emplazar personalmente a los demandados Gregorio Medina Cotto y Sandra Geraldina Pérez Carrión. Y que la parte demandante en el caso pueda justificar el emplazamiento por edicto conforme el ordenamiento jurídico vigente.

15. Lo antes declarado es la verdad por constarme de propio y personal conocimiento.

65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez*, 2023 TSPR 46, resuelto el 12 de abril de 2023. Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1*,* limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994 (2021). Esa regla establece que, el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *Íd.*; Véase, además, *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478, 486-487 (2019).

Por otro lado, el examen que hace este Tribunal, previo a expedir un auto de *certiorari,* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari.* La citada Regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Pueblo v. Rivera Montalvo,* 205 DPR 35 (2020).

**B. Emplazamiento por edicto**

El emplazamiento es un mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación incoada en su contra. *Rivera Marrero v. Santiago Martínez,* 203 DPR 462 (2019); *Bernier González v. Rodríguez*

*Becerra,* 200 DPR 637, 644 (2018). Asimismo, este método de notificación permite al tribunal adquirir jurisdicción sobre la persona demandada de forma tal que esta quede obligada por el dictamen que en su día recaiga. *Rivera Marrero v. Santiago Martínez,* supra.

Cabe señalar que, la parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley. *Íd.* De manera que, para que el tribunal adquiera jurisdicción sobre todas las partes es indispensable que estos sean emplazados conforme a derecho. *Íd.*

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 29 (2014). Es importante resaltar que, el emplazamiento personal se tiene que diligenciar por el alguacil o alguacila, o por cualquiera otra persona que no sea menor de dieciocho (18) años de edad, que sepa leer y escribir, y que no sea la parte ni su abogado o abogada, ni sus parientes dentro del cuarto grado de consanguinidad o segundo de afinidad, ni tenga interés en el pleito. Regla 4.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(a).

En lo pertinente a la controversia, el tribunal podrá autorizar que el emplazamiento sea por edicto: cuando la persona a ser emplazada esté fuera de Puerto Rico; o estando en Puerto Rico no

pudo ser localizada; o se oculte para no ser emplazada, en cuyo caso, el demandante tendrá que hacer constar, mediante una declaración jurada del emplazador, las diligencias que realizó para emplazar a la parte demandada. Como se sabe, de la referida declaración jurada o de la demanda también deberá surgir, que, existe una reclamación que justifique la concesión de algún remedio en contra de la persona que ha de ser emplazada; o que dicha persona es parte apropiada en el pleito. Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6. En particular, la citada regla establece que:

(a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada **después de realizadas las diligencias pertinentes**, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, **y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto. La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto **se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo**, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, **al lugar de su última dirección física o postal conocida**, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición. (Énfasis nuestro).

Al respecto, el Tribunal Supremo de Puerto Rico ha reiterado la necesidad de que la parte demandante acredite al tribunal las diligencias que llevó a cabo para localizar sin éxito a la parte demandada mediante el emplazamiento personal y, de esa manera, justificar la solicitud de un emplazamiento por edicto. *Lanzó Llanos*

*v. Blanco de la Vivienda,* 133 DPR 507, 513 (1993). "A tales efectos, y a los fines de que el tribunal se encuentre en posición de determinar que realmente se llevaron a cabo dichas diligencias, **el emplazador deberá prestar una declaración jurada en la cual detalle las gestiones por él realizadas para localizar a la parte demandada**". *Íd.* (Énfasis nuestro). Una vez se pruebe de forma fehaciente que se realizaron las gestiones potencialmente efectivas para encontrar a la parte demandada, el tribunal podrá otorgar el permiso para el emplazamiento por edicto. *Íd.*

En cuanto a las diligencias exigidas por la Regla 4.6 de Procedimiento Civil, *supra,* para justificar el emplazamiento por edicto en lugar del personal, nuestro más Alto Foro señaló en el caso *Mundo v. Fúster,* 87 DPR 363, 371-372 (1963), lo que debe contener la declaración jurada del emplazador. En específico, y a manera de ejemplo, expresó lo siguiente:

> **La declaración jurada que a ese efecto se preste debe contener hechos específicos demostrativos de esa diligencia y no meras generalidades que no son otra cosa que prueba de referencia**. En los casos que hemos estudiado aparecen específicamente las gestiones hechas con expresión de las personas con quiénes se investigó y la dirección de éstas. Hacerlo constar es de incalculable valor para evitar el fraude. Es buena práctica inquirir de las autoridades de la comunidad, la policía, el alcalde del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad. **Demostrar que se han hecho todas esas diligencias es la única forma en que puede establecérsele satisfactoriamente al juez la imposibilidad de notificar personalmente al demandado**. (Citas omitidas). (Énfasis nuestro).

### III.

En el presente caso, la peticionaria argumenta que el foro primario incidió al no autorizar el diligenciamiento del emplazamiento por edicto a favor de los demandados. Según la peticionaria, la declaración jurada del emplazador Juan G. Díaz Torres detalla todas las gestiones realizadas para dar con el paradero de los demandados a los fines de emplazarlos

personalmente, conforme lo requiere la Regla 4.6 de las Reglas de Procedimiento Civil, *supra.*

De un examen de la declaración jurada del Sr. Díaz Torres colegimos que, las gestiones que él realizó, dirigidas a localizar a los demandados con el objetivo de emplazarlos personalmente, fueron suficientes según las exigencias de la Regla 4.6 de Procedimiento Civil, *supra.* Sin embargo, el Sr. Díaz Torres se refirió hacia el codemandado como Gregorio Medina Cotto a pesar de que -según la demanda- sus apellidos son Díaz Vega. El mencionado error en los apellidos del codemandado provoca que, el edicto a publicarse en su día resulte ineficaz. Por ello, no corresponde intervenir con el dictamen recurrido, en el cual, el foro primario no autorizó el edicto, según solicitado. Ciertamente, en la eventualidad de que la peticionaria decida realizar gestiones dirigidas a subsanar lo anterior, le corresponde al foro primario atender cualquier solicitud a tales efectos, para lo cual, habrá de consignar los debidos fundamentos en Derecho.

Luego de un examen sosegado del recurso ante nos, concluimos que lo razonable es abstenernos de ejercer nuestra función revisora, en esta etapa de los procedimientos. Ante este cuadro fáctico, la peticionaria falló en demostrar que el TPI incurrió en error manifiesto o actuó arbitraria, abusiva o caprichosamente al denegar su solicitud de emplazamiento mediante edicto. Lo antes, en consideración a que el petitorio de la Sra. Medina Cotto está sustentado en una declaración jurada que adolece de un error en los apellidos de uno de los demandados.

Evaluado el recurso de epígrafe, a tenor de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para la expedición de un auto de *certiorari* concluimos que, nada en el expediente ante nos sugiere que el TPI, en el ejercicio de sus facultades, incidió al denegar la solicitud de emplazamiento por

edicto. Tampoco nos encontramos ante una circunstancia excepcional que amerite la expedición del auto.

**IV.**

Por todo lo anterior, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones